IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| DYNAMIC DATA INNOVATIONS LLC, <br><br> Plaintiff, <br><br> v. <br><br> OLD NAVY, LLC, <br><br> Defendant. | Civil Action No. 2:24-cv-00712 <br><br> **JURY TRIAL DEMANDED** |

COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Dynamic Data Innovations LLC ("Dynamic Data" or "Plaintiff") files this complaint against Old Navy, LLC, ("Old Navy" or "Defendant") alleging, based on its own knowledge as to itself and its own actions, and based on information and belief as to all other matters, as follows:

NATURE OF THE ACTION

1. This is a patent infringement action for Defendant's infringement of the following United States Patents (collectively, the "Asserted Patent"), issued by the United States Patent and Trademark Office ("USPTO"):

| Patent No. | Title | Reference |
|---|---|---|
| 9,632,676 | Systems And Methods For Navigating A Set Of Data Objects | https://image-ppubs.uspto.gov/dirsearch-public/print/downloadPdf/9632676, <br> https://patentcenter.uspto.gov/applications/14882679 |

2. Dynamic Data seeks injunctive relief and monetary damages.

PARTIES

3. Dynamic Data is a limited liability company formed under the laws of the State of Texas with its registered office address located in Austin, Texas (Travis County).

4. On information and belief, Old Navy is a corporation organized and existing under the

laws of the State of Delaware, with a regular and established place of business located at 2 Folsom Street, San Francisco, California, 94105.

5. Defendant can be served with process through its registered agent, CT Corporation System, located at 1999 Bryan St., Suite 900, Dallas, Texas 75201.

6. On information and belief, Defendant sells and offers to sell products and services throughout Texas, including in this judicial district. Defendant Old Navy LLC has stores in this District, including at the following addresses: 8946 S Broadway Ave, Suite 174, Tyler, TX 75703; 2400 Preston Rd, Suite 400, Plano, TX 75093; 801 W 15th St, Plano, TX 75075; 5401 Mickey Melton Blvd, Longview, TX 75605; 3090 N Eastman Rd, Suite 100, Longview, TX 75605; 3333 Preston Rd, Frisco, TX 75034; 1800 S Loop 288, Suite 202, Denton, TX 76205; 6155 Eastex Fwy, Suite 250, Beaumont, TX 77706.

7. Based on public information and belief, the facility located at 5401 Mickey Melton Blvd, Longview, TX, 75605 serves as a retail store and "e-commerce and distribution center" Based on public information and belief, the facility serves Old Navy's online business.[1]

8. On information and belief, Defendant owns, operates, and sells products through the website https://oldnavy.gap.com/.

9. Upon information and belief, Defendant engages in making, using, selling, offering for sale, importing, or otherwise providing, directly or indirectly, in this State and District, products and services that infringe one or more claims of the Asserted Patent.

**JURISDICTION AND VENUE**

10. Dynamic Data repeats and re-alleges the allegations in Paragraphs above as though

---

[1] See https://www.gapinc.com/en-us/articles/2021/02/gap-inc-announces-plans-to-build-new-distribution- ("While the Longview facility will initially serve Old Navy's growing online business, many of the company's Customer Experience Centers have the capability to seamlessly serve both online and retail orders in one facility.").

fully set forth in their entirety.

11. This is an action for infringement of a United States patent arising under 35 U.S.C. §§ 271, 281, and 284–85, among others. This Court has subject matter jurisdiction of the action under 28 U.S.C. § 1331 and § 1338(a).

12. Defendant is subject to this Court's specific and general personal jurisdiction under due process due at least to Defendant's substantial business in this judicial district, including: (i) at least a portion of the infringements alleged herein; (ii) regularly transacting, doing, and/or soliciting business, engaging in other persistent courses of conduct, or deriving substantial revenue from goods and services provided to individuals in Texas and in this District; and (iii) having an interest in, using or possessing real property in Texas.

13. Specifically, Defendant intends to do and does business in this State, directly or through intermediaries, and offers products or services, including those accused herein of infringement, to customers and potential customers located in this State, including in this District.

14. Defendant commits acts, and has committed acts, of infringement in this District, including, but not limited to, use of the Accused Products (identified below) and inducement of third parties to use them in an infringing manner.

15. Venue is proper in this district under 28 U.S.C. §§ 1391(b) and 1400(b). Defendant has committed acts of infringement and has a regular and established place of business in this District. Further, venue is proper because Defendant conducts substantial business in this forum, directly or through intermediaries, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct and/or deriving substantial revenue from goods and services provided to individuals in Texas and this District.

## THE ACCUSED PRODUCTS

16. Dynamic Data repeats and re-alleges the allegations in Paragraphs above as though fully set forth in their entirety.

17. Based upon public information, Defendant owns, operates, advertises, and/or controls, the website https://oldnavy.gap.com/, through which it advertises, sells, offers to sell, provides and/or educates customers about its Old Navy products and services utilizing infringing systems.

18. Based upon public information, Defendant owns, operates, advertises, and/or controls the website https://oldnavy.gap.com/, and associated hardware, software, and functionality that, among other features, dynamically updates a set of data objects via the Old Navy website (graphical user interface) presented on a display of a client terminal (computer, smartphone, etc.) (the "Accused Products").



Figure 1 (Source: https://oldnavy.gap.com/)

19. Based on public information and belief, the Accused Products are available on the Defendant's website, which users may access through phones, tablets, or computers, including but

not limited to the phones, tablets, or computers used by the Defendant's employees and customers.

20. On information and belief, Defendant provides information and assistance to its customers to enable them to use the Accused Products in an infringing manner as described below.

21. For these reasons and the additional reasons detailed below, and in the Accused Products practice at least one claim of the Asserted Patent.

**COUNT I:   INFRINGEMENT OF U.S. PATENT NO. 9,632,676**

22. Dynamic Data repeats and re-alleges the allegations in the Paragraphs above as though fully set forth in their entirety.

23. The United States Patent and Trademark Office duly issued U.S. Patent No. 9,632,676 (the "'676 patent") on April 25, 2017, after full and fair examination of Application No. 14/882,679 which was filed October 14, 2015. The '676 patent is entitled "Systems And Methods For Navigating A Set Of Data Objects."

24. Dynamic Data owns all substantial rights, interest, and title in and to the '676 patent, including the sole and exclusive right to prosecute this action and enforce the '676 patent against infringers, and to collect damages for all relevant times.

25. Dynamic Data or its predecessors-in-interest have satisfied all statutory obligations required to collect pre-filing damages for the full period allowed by law for infringement of the '676 patent.

26. The written description of the '676 patent describes in technical detail each limitation of the claims, allowing a skilled artisan to understand the scope of the claims and how the non-conventional and non-generic combination of claim limitations is patently distinct from and improved upon what may have been considered conventional or generic in the art at the time of the invention.

27. The claims of the '676 patent are not directed to an abstract idea and are not limited to well-understood, routine, or conventional activity. Rather, the claimed inventions include inventive components that improve upon the function and operation of preexisting dynamic graphic user interface (GUI) systems and methods for navigating and presenting large sets of data objects.

28. For example, at the time of the invention, conventional systems and methods in the art required manually scrolling through numerous data objects or repeatedly refining search queries to narrow down the presented set of objects in a large data set. *See* '676 patent, 8:50-58. As explained in the patent, a large data set can contain hundreds, thousands, or even millions of member objects. *See id.* at 8:26-29. "The members of [a] large set cannot all be presented within a limited screen space, and "scrolling through a large number of objects is burdensome and unmanageable." *Id.* at 8:29-31.

29. The invention of the '676 patent improves upon conventional systems for GUI navigation by providing methods by which a user can "add one or more excluding terms to a search query based on a single selection," e.g., such as a click or touch on an icon representing a data object. *Id.* at 5:14-19. "Using the single click, multiple features may be excluded." *Id.* at 5:19-20. "For example, when the user selects a data object using the single click, attribute values of attribute parameters of the selected data objects may be automatically identified as features and added as exclusion terms to the search query." *Id.* at 5:20-24. The methods of the invention of the '676 patent further improved upon conventional systems for GUI navigation by "provid[ing] an interactive GUI that allows a user to exclude objects from the set, and presenting the remaining non-excluded data objects." *Id.* at 8:32-35. "The set of remaining objects includes fewer members than the previous (i.e., prior to exclusion) set of objects. The fewer objects may be more

manageable to a user, allowing easier navigation of the objects within the GUI, and/or improved presentation of the objects on the display by the GUI." *Id.* at 15:4-9. A further advantage over the conventional art is an improved performance of computing systems, such as a client terminal, networks, and servers, which is achieved, for example, by reducing processor utilization, decreasing data traffic over the network, and minimizing storage requirements. *See Id.* at 8:46-50.

30. Defendant has directly infringed the '676 patent by making, using, offering to sell, selling, and/or importing Accused Products identified above.

31. Defendant has directly infringed, either literally or under the doctrine of equivalents, at least claim 1 of the '676 patent, as detailed in **Exhibit A** to this Complaint (Evidence of Use Regarding Infringement of U.S. Patent No. 9,632,676).

32. For example, the Accused Products, used by Defendant, its employees, and/or its customers, perform a computer-implemented method for dynamically updating a set of data objects within a graphical user interface presented on a display of a client terminal according to manual user input provided using a physical user interface of the client terminal. *See* Ex. A. The method further comprises the steps of managing an object dataset defining a plurality of attribute values of a plurality of attribute parameters of each of a plurality of objects; receiving a query including at least one search term; applying the query to the object dataset to select, from said plurality of objects, a first set of objects complying with the at least one search term; in response to said query instructing rendering of the first set of objects within a graphical user interface (GUI) for presentation to a user on a display of a client terminal; detecting a selection of an object of the first set of objects, the selection performed by said user using a physical user interface in communication with the client terminal; automatically identifying which of said plurality of

attribute parameters of said object is a differentiating parameter by evaluating differences between said plurality of attribute values of said plurality of attribute parameters of said object and respective said plurality of attribute values of respective said plurality of attribute parameters of members of said first set of objects; identifying a second set of objects from the first set of objects based on said differentiating parameter; excluding said second set of objects from the first set of objects to identify a third set of objects; and instructing dynamic rendering to update the GUI to present the third set of objects in response to said selection, wherein the third set of objects includes fewer members than the first set of objects; wherein the said selection is a single click or touch on an indication of the object.  *Id.*

33. Defendant has also indirectly infringed the '676 patent by inducing others to directly infringe the '676 patent.  Defendant has induced distributors and end-users, including, but not limited to, Defendant's employees, partners, contractors, or customers, to directly infringe, either literally or under the doctrine of equivalents, the '676 patent by providing or requiring use of the Accused Products.  Defendant has taken active steps, directly or through contractual relationships with others, with the specific intent to cause them to use the Accused Products in a manner that infringes one or more claims of the '676 patent, including, for example, claim 1 of the '676 patent.  Such steps by Defendant include, among other things, advising or directing personnel, contractors, or end-users to use the Accused Products in an infringing manner; advertising and promoting the use of the Accused Products in an infringing manner; or distributing instructions that guide users to use the Accused Products in an infringing manner.  Defendant has performed these steps, which constitute induced infringement with the knowledge of the '676 patent and with the knowledge that the induced acts constitute infringement.  Defendant has been aware that the normal and customary use of the Accused Products by others would infringe the '676 patent.  Defendant's

infringement in this regard is ongoing.

34. Defendant has also indirectly infringed by contributing to the infringement of the '676 patent.  Defendant has contributed to the direct infringement of the '676 patent by its personnel, contractors, distributors, and customers.  The Accused Products have special features that are specially designed to be used in an infringing way and that have no substantial uses other than ones that infringe one or more claims of the '676 patent, including, for example, claim 1 of the '676 patent.  The special features constitute a material part of the invention of one or more of the claims of the '676 patent and are not staple articles of commerce suitable for substantial non-infringing use.  Defendant's infringement in this regard is ongoing.

35. Defendant had knowledge of the '676 patent at least as early as the date Defendant received notice of the filing of this action.

36. Furthermore, on information and belief, Defendant has a policy or practice of not reviewing the patents of others (including instructing its employees to not review the patents of others), and thus has been willfully blind of Plaintiff's patent rights.

37. Defendant's actions are at least objectively reckless as to the risk of infringing a valid patent and this objective risk was either known or should have been known by Defendant.

38. Defendant's direct and indirect infringement of the '676 patent is, has been, and continues to be willful, intentional, deliberate, or in conscious disregard of Dynamic Data's rights under the patent.

39. Plaintiff has been damaged as a result of the infringing conduct by Defendant alleged above.  Thus, Defendant is liable to Dynamic Data in an amount that compensates it for such infringements, which by law cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

40. Dynamic Data has suffered irreparable harm, through its loss of market share and goodwill, for which there is no adequate remedy at law. Dynamic Data has and will continue to suffer this harm by virtue of each Defendant's infringement of the '676 patent. Defendant's actions have interfered with and will interfere with Dynamic Data's ability to license technology. The balance of hardships favors Dynamic Data's ability to commercialize its own ideas and technology. The public interest in allowing Dynamic Data to enforce its right to exclude outweighs other public interests, which supports injunctive relief in this case.

## JURY DEMAND

41. Dynamic Data hereby requests a trial by jury on all issues so triable by right.

## PRAYER FOR RELIEF

42. Dynamic Data requests that the Court find in its favor and against Defendant, and that the Court grant Dynamic Data the following relief:

   a. Judgment that one or more claims of the Asserted Patent has been infringed, either literally or under the doctrine of equivalents, by Defendant or others acting in concert therewith;

   b. An award of a reasonable ongoing royalty for future infringement of the Asserted Patent by such entities;

   c. Judgment that Defendant account for and pay to Dynamic Data all damages to and costs incurred by Dynamic Data because of Defendant's infringing activities and other conduct complained of herein;

   d. Judgment that Defendant's infringements of the Asserted Patent be found willful, and that the Court award treble damages for the period of such willful infringement pursuant to 35 U.S.C. § 284;

    e.    Pre-judgment and post-judgment interest on the damages caused by Defendant's infringing activities and other conduct complained of herein;

    f.    That this Court declare this an exceptional case and award Dynamic Data its reasonable attorneys' fees and costs in accordance with 35 U.S.C. § 285; and

    g.    All other and further relief as the Court may deem just and proper under the circumstances.

Dated: August 29, 2024  Respectfully submitted,

By: */s/ C. Matthew Rozier*
Jonathan L. Hardt (TX 24039906)*
Danielle De La Paz (TX 24130716)*
**ROZIER HARDT MCDONOUGH PLLC**
712 W. 14th Street, Suite A
Austin, Texas 78701
Telephone: (737) 295-0876; 304-8481
Email: hardt@rhmtrial.com
Email: danielle@rhmtrial.com

C. Matthew Rozier (CO 46854)*
Kristin M. Whidby (VA 91805)*
**ROZIER HARDT MCDONOUGH PLLC**
1500 K Street, 2nd Floor
Washington, District of Columbia 20005
Telephone: (404) 779-5305; (202) 316-1591
Telephone: (202) 217-0575
Email: matt@rhmtrial.com
Email: kristin@rhmtrial.com

James F. McDonough, III (GA 117088)*
Jonathan R. Miller (GA507179)*
Travis E. Lynch (GA 162373)*
**ROZIER HARDT MCDONOUGH PLLC**
659 Auburn Avenue NE, Unit 254
Atlanta, Georgia 30312
Telephone: (404) 564-1866, -1863, -1862
Email: jim@rhmtrial.com
Email: miller@rhmtrial.com
Email: lynch@rhmtrial.com

*Attorneys for Plaintiff DYNAMIC DATA INNOVATIONS LLC*

\* Admitted to the Eastern District of Texas

**List of Exhibits**

  A. Evidence of Use Regarding Infringement of U.S. Patent No. 9,632,676

Attachments

- Civil Cover Sheet
- Proposed Summons